# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. DEW,<br><br>                        Petitioner,<br>v.<br><br>SHAWN HATTON, Warden, et al.,<br><br>                       Respondents. | Case No.: 16cv1985-MMA (MDD)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION** |

On August 5, 2016, Petitioner David L. Dew ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus ("petition") pursuant to Title 28 of the United States Code, Section 2254. *See* Doc. No. 1. On July 24, 2017, the Court issued an order adopting the Recommendation of the magistrate judge that the petition be dismissed, and dismissed the petition with prejudice. *See* Doc. No. 13. The Clerk of Court entered judgment the same day. *See* Doc. No. 14. Petitioner appealed. *See* Doc. No. 15.

On November 30, 2018, the United States Court of Appeals for the Ninth Circuit issued an order vacating the judgment, and remanding with instructions to dismiss the petition for lack of jurisdiction. *See* Doc. No. 19. The circuit court's judgment took effect December 31, 2018, and constitutes the formal mandate issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. The mandate is spread, and this Court

once again has jurisdiction.[1]

In its opinion, the Ninth Circuit noted that Petitioner previously filed a § 2254 petition challenging the same California conviction for second-degree felony murder. *See* S.D. Cal. Case No. 3:98-cv-1533-J-POR. That petition was denied with prejudice on September 30, 1990, and the Ninth Circuit affirmed in *Dew v. Clarke*, 424 F.3d 381 (9th Cir. 2000). Moreover, the Ninth Circuit indicated that Petitioner has neither sought nor been granted authorization to file a second or successive § 2254 petition. *See* Doc. No. 19 at 2. Thus, the Court lacked jurisdiction to entertain the second petition.

Accordingly, in light of the Ninth Circuit's order, the Court **DISMISSES** the second or successive petition for writ of habeas corpus for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b) without prejudice. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

**IT IS SO ORDERED.**

Dated: January 4, 2019

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Due to a clerical error, the Court previously issued an order dismissing the petition prior to the Ninth Circuit issuing the formal mandate; thus, the Court lacked subject matter jurisdiction over the action at that time. *See* Doc. No. 20. However, the Court once again has subject matter jurisdiction over the action and reissues its previous order of dismissal.